IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| COMMONWEALTH PROPERTY ADVOCATES, LLC<br><br>    Plaintiff,<br><br>vs.<br><br>FIRST HORIZON HOME LOAN CORPORATION, et al.<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 2:10-CV-375<br><br>Judge Dee Benson |

This matter is before the Court on Defendants First Horizon Home Loan Corporation ("First Horizon") and Mortgage Electronic Registration System's ("MERS") Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*See* Dkt. No. 8.) On October 28, 2010, the Court held a hearing on the motion. At the hearing, Craig Smay represented Plaintiff Commonwealth Property Advocates ("CPA"). Michael Mayfield and Matthew Cannon represented Defendants. After taking the motion under advisement, the Court has further considered the law and facts relating to the motion. Being fully advised, the Court renders the following Memorandum Decision and Order.

BACKGROUND

On February 27, 2007, Plaintiff's predecessor in title, Dwayne Watson ("Watson"),

obtained financing from First Horizon to purchase a home in Alpine, Utah. Watson executed a promissory note in the amount of $1,000,000 in favor of First Horizon ("Note 1"). Along with signing Note 1, Mr. Watson executed a Deed of Trust which was recorded on February 28, 2007 ("Deed of Trust 1"). Mr. Watson signed a second note in the amount of $250,000 in favor of First Horizon ("Note 2"). Note 2 is secured by the same property, evidenced by a Deed of Trust recorded on February 28, 2007 ("Deed of Trust 2"). Deed of Trust 1 and Deed of Trust 2 designate MERS as the beneficiary to act as "nominee for Lender and Lender's successors and assigns." In defining MERS' authority under the Deeds, the Deeds provide:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns), has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property.

(*See* Dkt. No. 2.)

In July 2009, Mr. Watson defaulted under the terms of the Notes. As a result, on July 14, 2009, the trustee recorded a Notice of Default and Election To Sell in the Utah County records. The property was scheduled to be sold on January 12, 2010. That sale never occurred because on December 21, 2009, Watson executed a quitclaim deed conveying his interest in the property to CPA. CPA then filed a lawsuit against the same Defendants as this case plus various unknown Doe defendants on December 29, 2009. The case was assigned to Judge Ted Stewart who on April 15, 2010, granted Defendants' motion to dismiss for lack of subject-matter jurisdiction. CPA then filed this lawsuit on April 27, 2010.[1]

---

[1] In this case, CPA cured the subject-matter jurisdiction defect by voluntarily dismissing all unknown Doe defendants.

STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). CPA must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

Recently, in *Ashcroft v. Iqbal* the United States Supreme Court stated that while Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it nonetheless requires "more than unadorned, the-defendant-unlawfully-harmed-me accusation[s]. 129 S.Ct. 1937, 1949 (2009). A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' *Id.* (quoting *Twombly*, 550 U.S. at 555). Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

DISCUSSION

CPA's request for relief challenges MERS' authority to foreclose on Deed of Trust 1 and Deed of Trust 2. As noted above, the Deeds of Trust state:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns), has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property.

(*See* Dkt. No. 2.)

In *Burnett v. Mortgage Electronic Registration Systems, Inc.*, Judge Dale Kimball, of this district court, in a similar lawsuit with an identical MERS provision, recently issued a written decision.

> [T]he Deed of Trust expressly gives MERS . . . the authority to foreclose. . . . [W]hen Plaintiff defaulted on her contractual monthly payments, MERS had authority under the Deed of Trust to initiate foreclosure proceedings. . . . Upon Burnett's default in payments, MERS had authority to 'take any action' required of Lender. . . . Under the terms of the trust deed, Plaintiff cannot successfully claim that there was no right to possession.

*Burnett v. Mortgage Electronic Registration Systems, Inc.*, No. 1:09-CV-69 DAK, 2009 WL 3582294, *4 (D. Utah Oct. 27, 2009).

This case requires the same result. By the clear language of the deeds of trust, MERS has the authority to foreclose and sell the property on behalf of both the original lender and the "lender's successors."

This conclusion is not changed by CPA's allegation in this case that the underlying note was securitized. Plaintiff has not satisfied the pleading requirement to show that because of the alleged securitization MERS is no longer the lender's nominee with the authority to foreclose on behalf of the note holders. CPA's arguments ignore the fact that securitization merely creates "a separate contract, distinct from Plaintiff's debt obligations under the reference credit (i.e. the Note)." *Larota-Florez v. Goldman Sachs Mortgage Co.*, 2010 WL 1444026 *6 (E.D. Va. Apr. 8, 2010). Any new contract that is the result of securitization does not free Watson or CPA from the express terms of Deed of Trust 1 and Deed of Trust 2. Therefore, the Court GRANTS Defendants' Motion to Dismiss all of CPA's claims for relief.

CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss the Complaint is GRANTED.  This case is dismissed with prejudice.

DATED this 16th day of November, 2010.

Dee Benson

United States District Judge